UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD PHILLIPS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-3532 |
| PHUYAL PRATIBHA, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On December 6, 2024, Plaintiff Ronald Phillips initiated this action against Defendants Phuyal and Koirala Pratibha (the Pratibhas), alleging a single count of premises liability negligence based on the collapse of a deck that allegedly caused Mr. Phillips to fall and sustain injuries. ECF No. 1. Mr. Phillips seeks damages in excess of $75,000. *Id.* at ¶ 3. Pending before the Court is the Pratibhas' motion for summary judgment. ECF No. 20. The motion is fully briefed, and no hearing is necessary.[1] ECF No. 27; Local Rule 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, the motion is granted.

**I.   BACKGROUND**

In his Complaint, Mr. Phillips alleged that on June 9, 2023, he was sitting on a rear deck at 110 Night Heron Court, Cambridge, Maryland (the Premises), when a portion of it collapsed, causing him to fall to the ground and sustain profound and painful injuries to his back, neck, shoulders, and body. ECF No. 1 ¶¶ 7–8. Mr. Phillips further alleged that before the occurrence, the Pratibhas "had knowledge and notice that . . . the deck . . . was in a state of major disrepair and constituted a hazardous condition" and that "no adequate warnings were posted to alert [Mr.] Phillips . . . of the dangerous condition of the deck." *Id.* at ¶ 10.

---

[1] Defendants Phuyal and Koirala Pratibha elected not to file a reply and the time for doing so has elapsed. Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

The undisputed facts in the summary judgment record establish that on April 4, 2023, Mr. Phillips and his wife entered into a one-year residential dwelling lease with the Pratibhas to occupy the Premises beginning on May 1, 2023.  ECF No. 27-2 at 1.[2]  Mr. Phillips testified at his deposition that the Premises was a "brand new home" that had not been previously occupied.  ECF No. 27-1 at 23:14–19.  Around the time they signed the lease, Mr. Phillips and his wife met Dale Hunter, the Pratibhas' agent, for a walkthrough of the Premises.  *Id.* at 25:13–17, 26:2–4.  Mr. Phillips testified at his deposition that during the walkthrough, he asked "why there wasn't a deck there," and Mr. Hunter said that "it was in their original contract to build a deck, but . . . the grass was too high[,] [s]o they couldn't . . . build the deck."  *Id.* at 25:18–22.  After Mr. Phillips informed Mr. Hunter that he'd "like . . . to have . . . someone build the deck," Mr. Hunter "said he'll get right on it."  *Id.* at 27:10–12.

In May 2023, Mr. Phillips and his wife moved into the Premises and discovered that "[t]here was no deck there . . . just [a] drop off into the ground."  *Id.* at 24:12–13.  Mr. Phillips reached out to Mr. Hunter, who in turn "got a hold of a builder [that] came out . . . within the next couple of days and built the deck."  *Id.* at 27:19–21.  An invoice from Del Mar Construction, LLC dated May 18, 2023, described the deck as a "4x8 [l]anding with railings[ ] and pickets."  ECF No. 27-3.  According to Mr. Phillips, Mr. Hunter did not "ever come over to . . . th[e] property . . . before the incident occurred."  ECF No. 27-1 at 27:13–16.  In their written discovery responses, the Pratibhas acknowledged that they had no communication with any government, county, or municipal entity regarding the maintenance, repair, inspection, or condition of exterior decks located on the Premises.  ECF No. 27-5 ¶ 23.

---

[2]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document, except that page numbers of exhibits that are deposition transcripts refer to the page and line number of the deposition transcript.

2

Mr. Phillips testified at his deposition that he was sitting on a folding chair, sat back, and "the deck started falling apart." ECF No. 27-1 at 33:1, 33:12, 36:2–4; *see also* ECF No. 27-4 (photographs depicting deck and broken pickets).




Image 1: Deck　　　　　　　　　　　　　　Image 2: Broken Pickets
(ECF No. 27-4 at 1)　　　　　　　　　　　(ECF No. 27-4 at 2) (cropped)

Subsequently, Mr. Phillips fell along with, and out of, the chair and onto the deck flooring. ECF No. 27-1 at 40:14–22. As a result of the fall, Mr. Phillips sustained a vertebrae fracture that required seven weeks of physical therapy. *Id.* at 69:7–9, 70:3–7, 72:12–16. Within half an hour of being notified of Mr. Phillips' fall, Mr. Hunter went to the Premises and repaired the broken railing. ECF No. 27-5 ¶ 5.

Mr. Phillips testified at his deposition that prior to his fall, he used the deck "[m]aybe two or three times," but never tried to "handle the wood at all" or "check its stability." ECF No. 27-1 at 30:16–21, 37:22–38:14. Mr. Phillips further testified that he never observed any issues, conditions, or problems with the stability of the deck, its boards, or slats prior to the occurrence. *Id.* at 31:3–12, 38:19–39:13. Indeed, Mr. Phillips opined that it "[l]ooked like a brand new solid deck to me." *Id.* at 37:11-16; *see also id.* at 39:7 ("Looked like a solid deck to me.").

3

II.     **DISCUSSION**

The Pratibhas argue that they are entitled to judgment as a matter of law because Mr. Phillips has not adduced evidence that defendants had actual or constructive knowledge of any dangerous condition or defect. ECF No. 20 at 3.

A.      **Standard of Review**

Summary judgment motion practice "is properly regarded . . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Federal Rule of Civil Procedure 56 provides that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original). A material fact is one that "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Thus, to defeat summary judgment, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz.* v. *Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968). On the other hand, summary judgment "is justified if, from the totality of the evidence presented, including pleadings, depositions, answers to interrogatories, and affidavits, the court is satisfied that there is no genuine factual issue for trial and the moving party is

4

entitled to judgment as a matter of law." *Sylvia Dev. Corp.* v. *Calvert C'nty, Md.*, 48 F.3d 810, 817 (4th Cir. 1995).

The United States Court of Appeals for the Fourth Circuit has cautioned that summary judgment "cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs* v. *N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568-569 (4th Cir. 2015) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 2728 (3d ed. 1998)).  At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  In doing so, the district court "must view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor without weighing the evidence or assessing the witnesses' credibility." *Baynard* v. *Malone*, 268 F.3d 228, 234-235 (4th Cir. 2001).

**B.    Negligence**

Mr. Phillips alleges that the Pratibhas breached their duty to protect him, an invitee, by failing to maintain and repair the deck in a manner suitable for reasonable use and failing to warn him of the dangerous condition of which they knew or should have known existed at the time of Mr. Phillips' fall.  ECF No. 1 ¶¶ 12–13.  In response, the Pratibhas argue that summary judgment is appropriate because Mr. Phillips has failed to show that they had actual or constructive notice of a dangerous condition and Mr. Phillips has not alleged negligent construction.  ECF No. 20 at 8–10.  Stated differently, the Pratibhas assert that they did not negligently create the dangerous condition, nor did they have any notice of such condition.

In an action brought under a federal court's diversity jurisdiction, the Court is to apply the substantive law of the state in which it sits.  *Mathis* v. *Terra Renewal Serv. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis* v. *Waletzky*, 422 Md. 647, 657 (2011).  In Maryland, "[t]he elements

5

of a cause of action for negligence are (1) a legally cognizable duty on the part of the defendant owing to the plaintiff, (2) a breach of that duty by the defendant, (3) actual injury or loss suffered by the plaintiff, and (4) that such injury or loss resulted from the defendant's breach of the duty." *Green* v. *N. Arundel Hosp. Ass'n, Inc.*, 366 Md. 597, 607 (2001).

It is well-settled that "a landlord is not ordinarily liable to a tenant or guest of a tenant for injuries from a hazardous condition in the leased premises that comes into existence after the tenant has taken possession." *Matthews* v. *Amberwood Assocs. Ltd. P'ship, Inc.*, 351 Md. 544, 555 (1998); *accord Wells* v. *Pennrose Mgmt. Co.*, 753 F. Supp. 3d 432, 439 (D. Md. 2024); *Heym* v. *APG Hous., LLC*, Civil Action No. JRR-23-2092, 2024 WL 2302306, at *5 (D. Md. May 21, 2024). Yet, "when a landlord has agreed to make repairs there is a duty resting on him to do so, and upon his failure the tenant may either sue on his contract or bring an action on the case founded in tort for neglect of that duty." *Bocchini* v. *Gorn Mgmt. Co.*, 69 Md. App. 1, 17 (1986) (emphasis omitted). A tenant may maintain an action in tort liability for injuries sustained as a result of an uncorrected defect in rented quarters "[w]here there is evidence of 'explicit notice of the defect, recognition by the landlord of its dangers[,] and ample opportunity to remedy it.'" *Wells*, 753 F. Supp. 3d at 439 (quoting *Farley* v. *Yerman*, 231 Md. 444, 448 (1963)); *see also Joseph* v. *Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315 (2007) (stating that in order to sustain a cause of action in a premises liability action, the plaintiff must prove not only that a dangerous condition existed but also that the defendants had actual or constructive knowledge of the dangerous condition and that the knowledge was acquired with sufficient time to remove it or warn the invitee).

Here, the record is devoid of any evidence that the Pratibhas negligently created or had actual knowledge of a dangerous condition on the newly installed deck. It is undisputed that Del Mar Construction, LLC built the deck and sent an invoice to the Pratibhas on May 18, 2023. Mr.

6

Phillips testified at his deposition that prior to his fall, he used the deck two or three times and perceived it to be a "brand new solid deck." ECF No. 27-1 at 37:11-16. In addition, Mr. Hunter, the Pratibhas' agent, did not see the deck from the time it was completed until after Mr. Phillips' fall, when he came back to make the necessary repairs. As there is no evidence that the Pratibhas knew of the alleged dangerous condition before the incident, the only remaining question is whether they had constructive knowledge of a dangerous condition that allegedly caused Mr. Phillips' injuries.

Mr. Phillips bears the burden of establishing the Pratibhas' constructive knowledge, which includes a showing of "how long the dangerous condition has existed." *Joseph*, 173 Md. App. at 316. The rationale for this requirement is that when a plaintiff relies on constructive knowledge, the invitee "must demonstrate that [a] defective condition existed long enough to permit one under a duty to inspect to discover the defect and remedy it prior to the injury." *Deering Woods Condo. Ass'n* v. *Spoon*, 377 Md. 250, 267-68 (2003); *see also Tennant* v. *Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 389-390 (1997) ("The mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it.") (quoting W. PAGE KEETON, *et al.*, PROSSER AND KEETON ON THE LAW OF TORTS, § 61, at 426 (5th ed. 1984)).

Viewing the evidence in the light most favorable to Mr. Phillips and drawing all inferences in his favor, the Pratibhas are entitled to judgment as a matter of law because Mr. Phillips has failed to show that the Pratibhas had constructive knowledge that an unreasonable risk or dangerous condition existed. To establish constructive notice, Mr. Phillips asserts that the Pratibhas were notified by the construction company that the deck had been completed, the deck was located outside the Premises and could have been easily inspected, and the Pratibhas failed

to obtain a permit to build the deck pursuant to city code. ECF No. 27 at 7. None of these contentions carry Mr. Phillips' burden because they do not establish that Mr. Phillips noticed any defects or that he notified the Pratibhas of any defects. On the contrary, Mr. Phillips testified in his deposition that he never observed any issues, conditions, or problems with the stability of the deck. "[A] negligent failure to inspect does not result in the imposition of liability unless it is established that a reasonable inspection would have disclosed the presence of the defect which caused the harm." *United States* v. *Moran Towing & Transp. Co.*, 409 F.2d 961, 963 (4th Cir. 1969). As Mr. Phillips has failed to establish the Pratibhas' actual or constructive knowledge of a dangerous condition, the Pratibhas are entitled to summary judgment.

### III.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 20) is granted. A separate Order follows.


Date: February 20, 2026                                      /s/
                                                   Erin Aslan
                                                   United States Magistrate Judge